### RELF, *vs.* COLLINS & AL.

One syndic, where others are appointed, is not the representative of the creditors, and it is only as such, that suit can be maintained for matters relating to the insolvent's estate.

APPEAL from the court of the third district, the judge of the eighth presiding.

Relf and others were appointed syndics to the insolvent Bougard, and the present action was brought by Relf alone, who styled himself acting syndic. The defendants excepted to the petition, on the ground that all the syndics should have been made parties. The court overruled the exception, and after final judgment for the plaintiff, the defendants appealed.

*Watts*, for the appellants, contended that syndics were joint mandatories, and must jointly sue and be sued.

PORTER J. delivered the opinion of the court. The petitioner states himself to be acting syndic of the estate of an insolvent, and in that capacity sues. The defendants excepted to the petition, on the ground that all the syndics should be made parties. The court refused to sustain the exception ; and its correctness in doing so, is the first question presented for our decision.

We think the court below erred. The record shows that other syndics were appointed, and that their powers were joint,

RELF
*vs.*
COLLINS & AL.

One syndic, where others are appointed, is not the representative of the creditors, and it is only as such that suit can be maintained for matters relating to the insolvent's estate.

not *joint* and several. One· of them is not the representative of the creditors, and it is only as such that he can maintain a suit for matters relating to the insolvents estate.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed; and it is further ordered, adjudged and decreed, that there be judgment for the plaintiff as in case of nonsuit, the plaintiff paying costs in both courts.